*722 OPINION.
Green:
This is both a fact and law question. First, What was the actual cash value of the lease at the time the petitioner acquired it?, and, second, If the lease had a value at that time, may such value be included in the petitioner’s invested capital ?
*723 The evidence stands uncontradicted that the prevailing royalty rate of coal in the Western Kentucky coal fields of the kind of coal covered by the Luton lease in April, 1918, was at least 10 cents per ton, with several leases being made in excess of that price; that the property covered by the lease was in close proximity to railroad facilities; and that the coal could be mined without the necessity and expense of sinking a shaft. Several witnesses of long experience in the coal business testified to a value of $50,000. In our opinion the lease was worth at least that amount at the time it was transferred to the petitioner in May, 1918.
The counsel for the respondent in his opening statement remarked that, “ We further" contend that even though the Board should find the lease did have a value that the corporation is not entitled to any value of this lease for invested capital purposes under Section 331 of the Revenue Act of 1918.” This section reads in part as follows:
Sec. 331. In the ease of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any. of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received; * * *
We fail, however, to see where this section of the statute is applicable to the facts in this case. Before the incorporation of the petitioner Luton was the sole owner of the lease in question. After incorporation he was the owner of only 20 per cent of the petitioner’s stock. The facts show that an interest of considerably less than 50 per cent remained in the same person, which, in our opinion, precludes the application of section 331.
The actual cash value of the lease, which we have found was $50,000, should, in accordance with section 326(a) (2) of the Revenue Act of 1918, be included in the petitioner’s invested capital for the years 1919 and 1920 with, of course, appropriate adjustments for exhaustion'.

Judgment will be entered under Rule 50.